THOMAS R. BURKE (CA State Bar No. 141930)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

KATHERINE M. BOLGER (*pro hac vice* forthcoming)
katebolger@dwt.com
JOHN M. BROWNING (*pro hac vice* forthcoming)
johnbrowning@dwt.com
KATHLEEN E. FARLEY (*pro hac vice* forthcoming)
kathleenfarley@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:  (212) 489-8230
Facsimile:    (212) 489-8340

Attorneys for Non-Party Journalist
Ryan Mac

FILED
SEP 13 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VERNON UNSWORTH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ELON MUSK,<br><br>　　　　Defendant. | Case No. CV 19 80 224 MISC JSC<br>(C.D. Cal. No. 18-cv-08048-SVW-JC)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NON-PARTY JOURNALIST RYAN MAC'S MOTION TO QUASH SUBPOENAS**<br><br>Hearing Date: October 18, 2019<br>Hearing Time: 9:00 a.m. |

REQUEST FOR JUDICIAL NOTICE
Case No.

## REQUEST FOR JUDICIAL NOTICE

Non-party journalist Ryan Mac respectfully requests that the Court take judicial notice of certain sources, described below, pursuant to Federal Rule of Evidence 201.

A court may take judicial notice of a fact "not subject to reasonable dispute" because it can be determined "from sources whose accuracy cannot reasonably be questioned" or is "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b). This is true even at the pleading stage. *See, e.g., Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (finding courts may, on a motion to dismiss, rely on facts "contained in materials of which the court may take judicial notice"); *Chavez v. Washington Mut. Bank*, No. 12-CV-04393-LHK, 2013 WL 2450128, at *3 (N.D. Cal. June 5, 2013) ("[T]he Court need not accept as true allegations contradicted by judicially noticeable facts, and the [c]ourt may look beyond the plaintiff's complaint to matters of public record without converting the Rule 12(b)(6) motion into one for summary judgment.") (citation and internal quotation marks omitted).

Under this standard, courts regularly take notice of generally known facts stated in news reports and websites. *See, e.g., Heliptrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Cty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2006 WL 1344572, at *2 (N.D. Cal. May 17, 2006) (taking judicial notice of news articles in resolving 12(b)(6) motion); *see also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995).

And parties may rely on documents whose contents are implicitly or directly alleged in the complaint. "[A] court may consider the complaint and 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (documents not "explicitly referenced in the Complaint but on which the Complaint "[i]mplicitly [r]elied" may be considered on motion to dismiss).

Accordingly, in resolving Mac's pending Motion to Quash Subpoenas, Mac requests that the Court consider the following additional sources, referenced in their proposed motion and the Declaration of Katherine M Bolger, for the reasons below.

-1-

REQUEST FOR JUDICIAL NOTICE
Case No.

| Source | Description | Basis for Request |
|---|---|---|
| Bolger Decl. Ex. A | Twitter exchange posted on plaintiff Elon Musk's Twitter account between July 3 and July 4, 2018. | This document evidences a fact (i.e., the existence of a public tweet) that is not subject to reasonable dispute because the parties cannot reasonably question the existence of this exchange on a public Twitter account. |
| Bolger Decl. Ex. B | July 4, 2018 Business Insider article written by Tara Francis Chan entitled "Elon Musk offers to help rescue the Thai soccer team stuck in a cave." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. C | July 6, 2018 BBC.com article written by Dearbail Jordan entitled "Elon Musk offers to help Thai cave rescue." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. D | July 6, 2018 BuzzFeed article written by Nicole Nguyen entitled "Elon Musk Is Sending Engineers To Help With The Thai Soccer Team Stuck In A Cave." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. E | July 6, 2018 CNN article written by James Masters entitled "Elon Musk sends engineers to help Thai cave rescue mission." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. F | On July 8, 2018 CNN article written by Jackie Wattles entitled "Elon Musk shares video of 'kid-size' submarine for Thai cave rescue." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |

DAVIS WRIGHT TREMAINE LLP

| Source | Description | Basis for Request |
|---|---|---|
| Bolger Decl. Ex. G | On July 8, 2018 Business Insider article written by Matthew Michaels entitled "Elon Musk posted videos of the 'kid-size submarine' he's sending to help save the boys trapped in a cave in Thailand." | This document evidences a fact (i.e., the existence of news reporting on Musk's tweets) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. J | September 6, 2018, *Atlantic* article written by Marina Koren entitled "Elon Musk and the Meaning of 'Off the Record.'" | This document evidences a fact (i.e., the existence of news reporting about BuzzFeed's decision to publish Musk's emails) that is not subject to reasonable dispute because Plaintiff cannot reasonably question the existence of this article. |
| Bolger Decl. Ex. V | August 24, 2019 tweet from Unsworth's counsel's public Twitter page stating that he had taken Musk's deposition and that "[t]he emperor has no clothes." | This document evidences a fact (i.e., the existence of a public tweet) that is not subject to reasonable dispute because the parties cannot reasonably question the existence of this exchange on a public Twitter account. |

DATED: September 13, 2019

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

By: _____
Thomas R. Burke

Attorneys for Non-Party Journalist Ryan Mac

-3-

REQUEST FOR JUDICIAL NOTICE
Case No.