L. LIN WOOD, P.C.
L. Lin Wood (application to appear *pro hac vice* pending)
lwood@linwoodlaw.com
Jonathan D. Grunberg (application to appear *pro hac vice* pending)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (application to appear *pro hac vice* pending)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff
VERNON UNSWORTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 3:19-mc-80224-JSC<br><br>(C.D. CAL Case No. 2:18-cv-08048)<br><br>**PLAINTIFF VERNON UNSWORTH'S RESPONSE TO RYAN MAC'S MOTION TO QUASH SUBPOENA**<br><br>Hearing Date:  October 17, 2019<br>Hearing Time:  9:00 a.m. |

**Statement of the Issues**

Plaintiff Vernon Unsworth subpoenaed journalist Ryan Mac for one reason and one reason only—to establish the required evidentiary and factual foundation to render admissible at trial certain published reports and statements, all of which are set forth in Mac's declaration submitted in support of his Motion to Quash. *See* Doc. 3 (the "Mac Declaration"). The deposition of Mac is relevant and necessary for Unsworth to establish at trial by admissible evidence the publication of a libel by Musk to a third parties, namely Mac and BuzzFeed. Reduced to its essence, the objections raised in Mac's Motion reflect a legal battle between Musk and BuzzFeed, not between Unsworth and BuzzFeed.

Counsel did agree with counsel for BuzzFeed that Unsworth would not issue additional "discovery" subpoenas, but did not, and could not, agree that Unsworth would not seek Mac's deposition testimony by subpoena for use as evidence at trial in lieu of his appearance. The Notice served with the subpoena clearly states that the deposition is being sought in lieu of a trial appearance—not for discovery. *See* Declaration of L. Lin Wood dated September 26, 2019 ("Wood Decl.") Ex. A.[1]

The direct examination of Mac by Unsworth would likely take less than fifteen (15) minutes. *Id.* ¶ 5. In fact, Unsworth is willing to allow the Mac Declaration to be submitted in evidence at trial in lieu of his appearance at trial by deposition but reasonably anticipates that Musk will not agree to its introduction in evidence without imposing a hearsay objection requiring Plaintiff to lay the foundation for its introduction which requires Mac's factual testimony. *Id.* ¶ 6. If Plaintiff's assumption is incorrect and Musk will stipulate to the admissibility of the Mac Declaration, Musk can so state *in judicio* in his response and Unsworth will withdraw his subpoena to Mac. *Id.*

To be clear, Unsworth's subpoena and the necessity for obtaining Mac's testimony do not invade any of the privileges asserted by Mac in his Motion to Quash. Unsworth's subpoena does

---

[1] In fact, in an email exchange with Mac's attorneys, counsel for Unsworth expressly "reserve[d] [his] right to seek trial testimony" from Mac. Doc. 2 at 132. The present subpoena is entirely consistent with that position. As stated in the Notice accompanying the subpoena, the purpose of the subpoena is not to discover new information, but simply to preserve Mac's testimony by a method rendering it admissible at trial. Wood Decl. Ex A.

not seek testimony as to (1) unpublished information, (2) why BuzzFeed decided to publish its articles beyond the described reasons clearly set forth in the published reports identified in the Mac Declaration, (3) Mac's state of mind (which Plaintiff agrees is not relevant to the issue of reasonable foreseeability—an objective standard to be decided by the jury under the evidence), or (4) editorial decisions or materials not disseminated to the public. *Id.* ¶ 4.

The deposition sought by Unsworth would be very brief, and Unsworth is willing to conduct the deposition at a convenient location and on a convenient date. *Id.* ¶ 5. Under these circumstances, Unsworth's subpoena does not impose any undue burden on Mac.[2]

## Argument

**I.  Unsworth's need for Mac's deposition does not violate the journalistic privileges urged by Mac.**

In his Motion, Mac incorrectly assumes that Unsworth wants to depose him to determine "why Buzzfeed made the decision to publish Musk's emails." Doc. 1 at 8. In fact, Unsworth seeks to depose Mac only to render admissible over objection the previously disclosed facts set forth in the Mac Declaration. At trial, Unsworth must prove by admissible evidence the factual circumstances surrounding Musk's publication of his statements to Mac and BuzzFeed. *See Shively v. Bozanich*, 31 Cal. 4th 1230, 1242-43 (2003) ("One of the elements of the tort of defamation is 'publication.' . . . Each publication ordinarily gives rise to a new cause of action for defamation. . . ."). The factual circumstances surrounding the publication by Musk arise only from previously disclosed information by Mac and Buzzfeed.

As noted, all of this information has already been publicly disclosed and published by Mac, including in his declaration attached to the Motion to Quash. Doc. 1 at 21; Doc. 3. As Mac acknowledges in his Motion, the California Shield Law and First Amendment privilege only protect a journalist's "unpublished information." Doc. 1 at 19-20 (quoting *Delaney v. Super. Ct.*, 50 Cal. 3d 785, 798 (1990)); *id.* at 17 n.12. As a result, the information sought by Unsworth is

---

[2] Prior to the filing of this motion, BuzzFeed and Mac did not seek to meet and confer with Unsworth regarding the possibility of an agreed scope for his deposition. While Unsworth believes the parties could have easily resolved the concerns of Mac and BuzzFeed about his subpoena, such a meet and confer would have likely been a waste of time as any resolution would have required an agreement from Musk. Wood Decl. ¶ 7.

outside the protection of the privileges invoked by Mac. *See also United States v. Markiewicz*, 732 F. Supp. 316, 319 (N.D.N.Y. 1990) (noting that privilege concerns are diminished when "the subpoenaing party does not seek confidential information" and "the questions put to the reporter are narrowly limited," such as "whether an article was truly published on the date asserted and whether the reporter did in fact interview the defendants before writing the article" (cleaned up)).[3]

The privilege concerns raised by Mac and BuzzFeed do not apply to Unsworth's direct examination of Mac—they only arise because of BuzzFeed's concern as to how Musk would conduct his cross-examination of Mac at the deposition. The Court can impose restrictions on the permissible scope of the direct and cross-examination by the parties. *See* FED. R. CIV. P. 26(c) (authorizing the Court to enter a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery as to certain matters"). Accordingly, the risk of misconduct by Musk can be managed by Court order and should not prejudice Unsworth's ability to obtain essential evidence in a form admissible at trial.

**II.   Unsworth needs Mac's deposition to render admissible at trial relevant and necessary evidence.**

"At trial, witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FED. R. CIV. P. 43(a). One well-established exception allows depositions of witnesses located more than 100 miles away to be admitted at trial. *See* FED. R. CIV. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial . . . ."). This rule relaxes the requirement of live testimony when a witness's amenability to a trial subpoena is uncertain. *See* FED. R. CIV. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) **within 100 miles** of where the person resides, is employed, or regularly transacts business in person; or (B) **within the state** where the person resides, is

---

[3] Even if the qualified First Amendment privilege were applicable to Unsworth's subpoena, Unsworth overcomes it because the extremely limited information he seeks from Mac is (1) unavailable from reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. *See Mark v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) (setting forth three-part test).

3

employed, or regularly transacts business, if the person . . . is commanded to attend a trial and **would not incur substantial expense**." (emphasis added)).

It is undisputed that Mac resides and works in the San Francisco area, which is more than 100 miles from the trial court in Los Angeles. Doc. 3 at ¶ 1. As a result, Mac could continue to challenge the parties' efforts to obtain his live testimony should they subpoena him for trial. By contrast, his deposition testimony would be admissible under Rule 32 without question. Thus, in order to obtain Mac's testimony in a manner admissible at trial, Unsworth must be allowed to take Mac's deposition for use at trial, as expressly stated in the Notice of Deposition served upon Mac's counsel. Wood Decl. ¶ 8.

Mac and BuzzFeed suggest that the parties already have all the information they need from him, pointing to his declaration and the Buzzfeed articles attached thereto. Doc. 1 at 26. Unsworth agrees with Mac and BuzzFeed for discovery purposes, but that agreement does not address the issue of the admissibility of this previously disclosed information at trial. Any effort by Unsworth to meet his burden of proof at trial by only tendering the Mac Declaration would undoubtedly be subject to Musk's strenuous objections that the Declaration constitutes hearsay, does not meet any of the traditional hearsay exceptions, and deprives him of his right of cross-examination. *See* FED. R. EVID. 802-804. Again, the only method for Unsworth to obtain admissible testimony from Mac is through a deposition in lieu of his trial appearance.

**III. Unsworth's deposition would not be an undue burden on Mac.**

Mac objects that any deposition would be an undue burden. Doc. 1 at 23-28. This argument is based on a misunderstanding of Unsworth's intent. As explained above, Unsworth seeks to depose Mac only on a limited series of foundational facts related to previously disclosed circumstances surrounding Musk's publication to him. Unsworth will not be probing into unpublished information regarding Mac's or Buzzfeed's newsgathering or editorial processes. Wood Decl. ¶¶ 3-4. Moreover, Mac's testimony would not be cumulative of other evidence because the only other available evidence, to wit, the Mac Declaration, will face admissibility hurdles at trial. Mac's deposition would be extremely brief and occur near his place of work on a date that is mutually agreed upon by counsel. There is no allegation that Unsworth is seeking to

1 harass Mac or has any purpose other than obtaining necessary evidence for trial.  For all these reasons, Unsworth's proposed deposition of Mac does not create an undue burden and should be allowed to proceed.

## Prayer

Plaintiff Vernon Unsworth respectfully requests that the Court deny Ryan Mac's Motion to Quash Unsworth's subpoena, subject to imposing any restrictions on the scope of Unsworth's direct examination of Mac that the Court deems reasonable and necessary to require adherence to the representations contained in the undersigned counsel's Declaration as to the scope and purpose of the deposition (*See* Wood Decl. ¶¶ 3-4) and to limit Musk's cross-examination to non-privileged areas.

Dated:  September 26, 2019           **L. LIN WOOD, P.C.**

By: */s/ L. Lin Wood*
L. Lin Wood

**CHATHAM LAW GROUP**

By: */s/ Robert Christopher Chatham*
Robert Christopher Chatham

Attorneys for Plaintiff
VERNON UNSWORTH

5

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3109 W. Temple St., Los Angeles, CA 09926.

I hereby certify under penalty of perjury that a true and correct copy of the document titled "PLAINTIFF VERNON UNSWORTH'S RESPONSE TO RYAN MAC'S MOTION TO QUASH SUBPOENA" has been served via electronic mail transmission on September 26, 2019, to all persons in the attached service list, including all counsel of record in the underlying action in the Central District of California, Case Number 2:18-CV_08048-SVW-JC, who are deemed to have consented to electronic service via the Central District of California's CM/ECF system. The electronic mail transmission was made from chris@chathamfirm.com, by transmitting PDF format copies of the document to all counsel of record, at the e-mail address provided to the Central District of California's CM/ECF system. The transmission was reported as complete and without error. All other interested parties to this present action will also receive notice of this filing via the Northern District of California's CM/ECF system.

Executed on September 26, 2019, at Los Angeles, California.

*/s/ Robert Christopher Chatham*
Robert Christopher Chatham

**SERVICE LIST**

Alexander Spiro, Esq.
Robert M. Schwartz, Esq.
Michael T. Lifrak, Esq.
Jeanine M. Zalduendo, Esq.
Quinn Emanuel Urquhart and Sullivan LLP
Email: alexspiro@quinnemanuel.com
robertschwartz@quinnemanuel.com
michaellifrak@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com


Thomas R. Burke, Esq.
Katherine M. Bolger, Esq.
John M. Browning, Esq.
Kathleen E. Farley, Esq.
Davis Wright Tremaine LLP
Email: thomasburke@dwt.com
katebolger@dwt.com
johnbrowning@dwt.com
kathleenfarley@dwt.com